**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JAMES MICHAEL MYRON,
              *Plaintiff-Appellant,*

and

JAMES M. LANDSBERGER; DWAYNE
DELUNA; RICK CESARO,
                      *Plaintiffs,*

v.

CAL TERHUNE; GARY LINDSEY; G.E.
HARRIS; EDWARD L. YLST; ALFONSO
K. FILLION; D.A. MAYLE; CARL
LARSEN; A.A. LAMARQUE; P.
HAMILTON; A. SOLIS; J. BASSO; P.
MANDEVILLE; P. CARILLO; A.
ALEXANDER; R. PADILLA; S.
SHIPMAN; P. MARRIOTT; DON
CHESTERMAN; JOHN H. BURK; R.
PERALEZ; B. WHITE; BURKE; C.
PICKERING; DUCK; RITA CLAYTON; J.
THOMPSON; SMITH; C. MORENO;
TANN; V. BARRON; RINGS; HILL;
DAVIS; KILPATRICK; E. DONNELLY;
PUIG; DAVIS, Dr.; M.S. MADISON;
KUENZI, Dr.; PARKINSON, Dr.;
WITTENBERG, Dr.,
                  *Defendants-Appellees.*

No. 04-15770

D.C. No.
CV-99-21265-JW

ORDER AND
OPINION

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

1473

Argued and Submitted
February 17, 2006—San Francisco, California

Filed February 7, 2007

Before: J. Clifford Wallace, Michael Daly Hawkins, and
Sidney R. Thomas, Circuit Judges.

Opinion by Judge Wallace

## COUNSEL

Sanford Svetcov and Maria V. Morris, Appointed Pro Bono Counsel, San Francisco, California, for plaintiff-appellant James Myron.

James Myron, Corcoran, California, *pro se*.

Thomas S. Patterson, Supervising Deputy Attorney General, and Jennifer G. Perkell, Deputy Attorney General, San Francisco, California, for the defendants-appellees.

Barbara L. Herwig and Teal Luthy Miller, Attorneys, Appellate Staff Civil Division, United States Department of Justice, Washington, District of Columbia, for intervenor United States of America.

## ORDER

The petition for rehearing is granted. Our opinion filed August 7, 2006 is withdrawn and the opinion filed with this order shall be filed.

## OPINION

WALLACE, Senior Circuit Judge:

James Myron appeals from the district court's *sua sponte* dismissal of his 42 U.S.C. § 1983 prison condition claims. Myron argues that state regulations governing prison administration create enforceable Fourteenth Amendment liberty interests, and that dismissal on that basis was therefore erroneous. He also asserts an Eighth Amendment claim. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

---

[1]Myron's other claims are addressed by the accompanying memorandum disposition.

## I.

Myron, a California state prisoner, filed this 42 U.S.C. § 1983 action along with other plaintiffs in December 1999. The complaint named several correctional officers and medical personnel at the Salinas Valley State Prison as defendants. The district court, after conducting its mandatory *sua sponte* review of the complaint pursuant to 28 U.S.C. § 1915A, dismissed most of plaintiffs' claims. In doing so, the district court held that prison regulations governing inmate classification did not create cognizable Eighth or Fourteenth Amendment liberty interests, nor do prison publications import the Fourteenth Amendment. Myron takes this appeal alone, arguing that these determinations were erroneous.

## II.

**[1]** The test used to determine whether a state has created a liberty interest that is protected by the Fourteenth Amendment has been a moving target. It appeared that the Supreme Court finally clarified the issue twelve years ago in *Sandin v. Conner*, 515 U.S. 472 (1995). The Court reversed its earlier tests and stated that "[t]he time has come to return to the due process principles we believe were correctly established and applied in [*Wolff v. McDonnell*, 418 U.S. 539 (1974)] and [*Meachum v. Fano*, 427 U.S. 215 (1976)]." *Sandin*, 515 U.S. at 483. That resulted in defining state laws which give rise to protected liberty interests as "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.

**[2]** *Sandin* held that, under the facts of the case, the prisoner's "discipline in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id.* at 486. The same is true here: classification of Myron at a "level IV" prison rather than at a "level III" prison does not, on the record before us,

present an "atypical and significant hardship." There is no showing that the conditions at level IV differ significantly from those "imposed upon inmates in administrative segregation and protective custody" — a distinction *Sandin* held to be relevant. *Id.* There is also no showing that the conditions at level IV differ significantly from those at level III. *See id.* at 473. Finally, there is no showing that the state's classification of Myron will invariably affect the duration of his sentence. *See Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996) (interpreting *Sandin*).

## III.

**[3]** This should end this part of the case, except for *Valdez v. Rosenbaum*, 302 F.3d 1039, 1044 n.3 (9th Cir. 2002), in which we stated that in *Sandin*, "the Court explicitly declined to overrule its prior decisions." These decisions included *Hewitt v. Helms*, which examined whether the language of a state prison regulation was mandatory or discretionary in determining whether it gave rise to a liberty interest. 459 U.S. 460, 471-72 (1983). The actual words of the Supreme Court in *Sandin* were that "[s]uch abandonment of *Hewitt*'s methodology does not technically require us to overrule any holding of this Court." 515 U.S. at 484, n.5. The Court concluded its footnote, however, with the injunction that its decision "abandons an approach that in practice is difficult to administer and which produces anomalous results." *Id.* It thus rejected the mandatory/discretionary methodology. *Id. Valdez* determined that "*Sandin's* reasoning applied particularly to *convicted* prisoners," not "pre-trial detainees," and applied the *Hewitt* test in a case implicating the alleged liberty interest of a pre-trial detainee. *Valdez*, 302 F.3d at 1044 n.3 (emphasis in original). However, *Valdez* does not countermand *Sandin*'s rejection of the *Hewitt* test for prisoners, like Myron, who have been convicted and sentenced.

## IV.

**[4]** Myron next argues that a California regulation governing prison publications, Cal. Admin. Code tit. 15, § 3250

(2006), creates a liberty interest. That provision states that "[i]nmates may participate in the publication and distribution of an inmate publication only with the institution head's specific approval." *Id.* § 3250(b).

**[5]** *Sandin* observed that the *Hewitt* test had "led to the involvement of federal courts in the day-to-day management of prisons." *Sandin*, 515 U.S. at 482. Such judicial intervention, held the Court, "r[a]n counter to the view expressed in several of [its] cases that federal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment." *Id.* at 483. A prison official's determination that a prisoner may not engage in the publication and distribution of an inmate publication does "not present the type of atypical significant deprivation in which a State might conceivably create a liberty interest." *Id.* at 486. By holding that section 3250 does not create a protected liberty interest, we comply with the Supreme Court's command that we not "fine-tune[ ] the ordinary incidents of prison life." *Id.* at 483.

## V.

**[6]** Finally, Myron contends that his alleged improper classification to a "level IV" prison violated the Eighth Amendment. Because the mere act of classification "does not amount to an infliction of pain," it "is not condemned by the Eighth Amendment." *See Hoptowit v. Ray*, 682 F.2d 1237, 1251 (9th Cir. 1982).

**AFFIRMED.**