**Eddie PERALES, Plaintiff–Appellant,**

v.

**R. HICKMAN; et al., Defendants–Appellees.**

**No. 07–16716.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Jan. 15, 2009.

Eddie Perales, Ione, CA, pro se.

Michelle Angus, Esquire, Deputy Attorney General, Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

Before GOODWIN, WALLACE and RYMER, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Eddie Perales, a California state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C § 1983 action alleging violations of his due process rights under the Fourteenth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir.2003), and we affirm.

The district court properly dismissed the action because, liberally construed, Perales's complaint did not allege facts to show that the defendants deprived him of a constitutional or federal right. *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) (noting that prison officials' exercise of discretion to assign a security classification to an inmate does not implicate an inmate's liberty interest); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir.2007) (rejecting due process claim where there was "no showing that the state's classification of [inmate would] invariably affect the duration of his sentence."); *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 883 (9th Cir.1991) (setting forth elements of § 1983 claim).

The district court did not abuse its discretion by denying Perales leave to amend because further amendment would have been futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.2000) (en banc) (explaining that a district court should grant leave to amend, unless it determines that the pleading could not possibly be cured).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.