MEMORANDUM ***
Hal Lee West, an Idaho state prisoner at the time of the events at issue, appeals pro se from the district court’s summary judgment in his 42 U.S.C. § 1983 action alleging due process violations related to a disciplinary conviction. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Sorrels v. McKee, 290 F.3d 965, 969 (9th Cir.2002), and we affirm.
The district court properly granted summary judgment because West failed to demonstrate that defendants’ conduct implicated a cognizable interest under the Due Process Clause. West failed to show that the six days he spent in administrative segregation posed an “atypical and significant hardship in relation to the ordinary incidents of prison life[,]” Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), or that his disciplinary conviction “invariably affect[ed] the duration of his sentence^]” Myron v. Terhune, 476 F.3d 716, 718 (9th Cir.2007). In addition, West did not have a liberty or property interest in the prison job that he lost, or prison jobs that he was precluded from obtaining, as a result of his conviction. See Walker v. Gomez, 370 F.3d 969, 973 (9th Cir.2004).
Further, the requirements of due process were satisfied because there was some evidence in the record supporting West’s disciplinary conviction. See Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455-56, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985) (stating the “some evidence” standard is met if “there is any evidence in the record that could support the conclusion reached by the disciplinary board”).
The district court did not abuse its discretion in denying West’s motions for appointment of counsel. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991) (finding no abuse of discretion where the “exceptional circumstances” warranting appointment of counsel were not present).
West’s remaining contentions are unpersuasive.
West’s motion for appeal conference is denied as moot.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.