MEMORANDUM **
Allen L.M. Dobshinsky, a California state prisoner, appeals pro se from the district court’s judgment dismissing his 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1915A for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir.2000), and we affirm.
The district court properly determined that Dobshinsky’s allegations regarding his classification score and resulting placement at a high security facility failed to state a constitutional claim because no federal due process right is implicated by a prison’s classification and transfer decisions. See Meachum v. Fano, 427 U.S. 215, 224-25, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Further, the amended complaint did not allege facts indicating that Dob-shinsky’s classification and placement posed an atypical and significant hardship in relation to the ordinary incidents of prison life, or that the classification “will invariably affect the duration of his sentence.” Myron v. Terhune, 476 F.3d 716, 718 (9th Cir.2007).
Dobshinsky’s allegations failed to state an Eighth Amendment claim because “the mere act of classification does not amount to an infliction of pain ... condemned by the Eighth Amendment.” See id. at 719.
Finally, the amended complaint did not state an equal protection claim because it did not allege facts indicating that Dob-shinsky was “treated differently from similarly situated prisoners.” Pierce v. County of Orange, 526 F.3d 1190, 1225 (9th Cir.2008).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.