**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEXANDER ROBINSON, III, | No. 08-16337 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00629-MCE-CMK |
| v. | |
| M. KNOWLES; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted April 5, 2010[**]

Before:     RYMER, McKEOWN, and PAEZ, Circuit Judges.

Alexander Robinson, III, a California state prisoner, appeals pro se from the

district court's judgment dismissing with prejudice his 42 U.S.C. § 1983 action

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

alleging violations of the Due Process Clause and the Eighth Amendment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and we affirm.

The district court properly concluded that Robinson failed to state a due process claim because he did not allege facts suggesting that his involuntary placement in the Enhanced Outpatient Program, with the attendant loss of his prison job, violated a protected liberty interest. *See Myron v. Terhune,* 476 F.3d 716, 718 (9th Cir. 2007) (stating that protected liberty interest arises if violation constitutes atypical, significant hardship in relation to the ordinary incidents of prison life or invariably impacts the duration of an inmate's sentence).

The district court also properly dismissed Robinson's Eighth Amendment claim because he failed to set forth facts alleging that Warden Knowles or Dr. McCarthy knew of and disregarded an excessive risk to his health or safety. *See Farmer v. Brennan,* 511 U.S. 825, 837 (1994) (setting forth deliberate indifference standard). Robinson's disagreement with his psychologist's diagnosis is also insufficient to allege an Eighth Amendment claim. *See Toguchi v. Chung*, 391 F.3d 1051, 1058-60 (9th Cir. 2004).

Robinson's contention that he should have been allowed leave to amend is unpersuasive because it is clear that the deficiencies of his complaint cannot not be cured. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).

**AFFIRMED.**