
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDRE ALMOND DENNISON, | No. 12-15609 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-02295-SRB-JFM |
| v. | |
| CHARLES L. RYAN, Director of Prison Operations; ANTONIO BARRIOS, Deputy Warden; STACI FAY, Assistant Deputy Warden; UNKNOWN SMITH-WHITSON, Captain; UNKNOWN JOSEFOWICZ, Lieutenant; UNKNOWN SUDDOTH, Sgt., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted January 15, 2013[**]

Before:    HUG, FARRIS and LEAVY, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Plaintiff Andre Dennison appeals pro se from the district court's dismissal of his § 1983 action for failure to state a claim against several Arizona Department of Corrections ("ADOC") officials. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand.[1]

We review de novo a dismissal of a prisoner complaint under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011). "Under § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Id.* at 892-93 (internal quotation marks omitted). This court "may affirm on any ground supported by the record." *Serrano v. Francis*, 345 F.3d 1071, 1076-77 (9th Cir. 2003). The denial of leave to amend is reviewed for an abuse of discretion. *Ramirez v. Galaza*, 334 F.3d 850, 854 (9th Cir. 2003).

The district court properly determined that Dennison failed to state due process claims in Counts I and II. The Due Process Clause provides procedural protections to inmates who can establish that a liberty interest is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). The Supreme Court has held that

---

[1] Because the parties are familiar with the facts underlying this appeal, we do not recount the facts here.

2

"the touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not the language of regulations regarding those conditions but the nature of those conditions themselves 'in relation to the ordinary incidents of prison life.'" *Id.* at 223 (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Therefore, in order to constitute a violation of a state-created liberty interest, the hardship imposed on the prisoner must be atypical and significant in relation to the ordinary incidents of prison life. *Chappell v. Mandeville*, 706 F.3d 1052, 1064 (9th Cir. 2013).

None of the penalties imposed on Dennison implicate liberty interests. *See May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) (holding that placement in disciplinary segregation does not implicate a liberty interest because it "falls within the terms of confinement ordinarily contemplated by a sentence"); *Resnick v. Hayes*, 213 F.3d 443, 445 (9th Cir. 2000) (holding that the inmate had no cognizable due process claim because he had no liberty interest in being free from disciplinary segregation); *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004) (prisoners do not have a liberty interest in prison employment); *Serra v. Lappin*, 600 F.3d 1191, 1196 (9th Cir. 2010) (prisoners do not have a liberty interest in compensation for their labor); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007) (a raised classification score does not implicate a state-created liberty

3

interest). Finally, the fact that dismissed charges remain on Dennison's record is not sufficient to implicate due process because the chance that it will affect the duration of his sentence "is simply too attenuated." *See Sandin*, 515 U.S. at 487.

Moreover, the punishments or combination of punishments imposed on Dennison do not constitute an atypical or significant hardship. First, the penalties and restrictions were not materially different from conditions imposed on inmates in discretionary segregation. *See Resnick*, 213 F.3d at 445; *Myron*, 476 F.3d at 718. Second, the duration or degree of the restrictions do not constitute a major disruption in Dennsion's environment. *See Sandin*, 515 U.S. at 486; *Resnick*, 213 F.3d at 445. Finally, Dennison has not alleged facts showing that the length of his sentence was affected. *See Sandin*, 515 U.S. at 487; *Resnick*, 213 F.3d at 445. Therefore, the conditions of the punishments did not implicate a liberty interest because they were "within the range of confinement to be normally expected." *See Sandin*, 515 U.S. at 487; *Resnick*, 213 F.3d at 445.

Dennison argues that the district court erred by failing to address substantive due process issues in Counts I and II; however, this claim is without merit. Just as Dennison's procedural due process claim fails because he did not show that he was deprived of a liberty interest, his substantive due process claim likewise fails. *See Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998) ("To establish a

4

substantive due process claim, a plaintiff must, as a threshold matter, show a government deprivation of life, liberty, or property.").

The district court properly determined that Dennison failed to state a due process claim in Count III. "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Arizona provides meaningful and adequate postdeprivation remedies through both the prison grievance system and the state tort process. *See Wright v. Riveland*, 219 F.3d 905, 918 (9th Cir. 2000) (both state tort claims and prison grievance procedures provide adequate postdeprivation remedies); Ariz. Rev. Stat. § 12-821.01; Arizona Dept. of Corrections Order 909.09. To the extent that Dennison argues that the postdeprivation remedy is inadequate because he was unable to access the grievance procedure, his argument is unavailing. *See Hudson*, 468 U.S. at 535 (that a prisoner "might not be able to recover under these remedies the full amount which he might receive in a § 1983 action is not, as we have said, determinative of the adequacy of the state remedies"); Ariz. Rev. Stat § 12-821.01.

It was not error for the district court to dismiss Count IV for failure to state a First Amendment claim because Dennison failed to allege that his mail was

5

confiscated without a legitimate penological purpose. *See Barrett v. Belleque*, 544 F.3d 1060, 1062 (9th Cir. 2008) (censorship of prisoner mail is justified if it furthers a legitimate governmental purpose). However, because it is possible that Dennison could cure the defect in his complaint by pleading additional facts, he should be granted leave to amend this claim. *See Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012); *Ramirez*, 334 F.3d at 861.

Dennison also argues that the district court improperly converted his First Amendment claim into a due process claim; that contention is meritless. Moreover, to the extent that Dennison's confiscated-mail claim was construed as a due process claim, it was properly dismissed because he had an adequate postdeprivation remedy. *See Hudson*, 468 U.S. at 533.

The district court's imposition of a strike on Dennison does not apply at this point because Dennison has the opportunity to amend his First Amendment claim. *See Silva v. Di Vittorio*, 658 F.3d 1090, 1100 (9th Cir. 2011). However, if Dennison's amended complaint fails to state a claim under the First Amendment, then the district court's imposition of a strike will be appropriate. *See O'Neal v. Price*, 531 F.3d 1146, 1152 (9th Cir. 2008).

Dennison raises several arguments for the first time on appeal; we decline to address them. *See Janes v. Wal-Mart Stores Inc.*, 279 F.3d 883, 887 (9th Cir.

6

2002) ("Issues raised for the first time on appeal usually are not considered.").  We reject any remaining contentions as meritless.

We therefore reverse the district court's dismissal with prejudice of Dennison's First Amendment claim for the confiscation of his mail, and remand with instructions to grant leave to amend that claim.  The remainder of the district court's rulings are affirmed.

Each party is to bear their own costs.

**AFFIRMED in part; REVERSED in part; and REMANDED with instructions.**