**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAUL ADAMS, | No. 12-55328 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-01211-MMA-POR |
| v. | |
| LARRY SMALL, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted September 24, 2013[**]

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Paul Adams, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging that defendants

violated his constitutional rights by classifying him as a gang affiliate. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999). We affirm.

The district court properly dismissed Adams's Fourteenth Amendment due process claim because Adams has no liberty interest in his classification status. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (liberty interest arising from state laws or policies "will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007) (prison classification does not implicate a state-created liberty interest).

The district court properly dismissed Adams's equal protection claim because Adams failed to allege facts demonstrating that defendants intentionally and without rational basis treated him differently from others similarly situated and intentionally discriminated against him. *See N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008) (elements of equal protection claim).

The district court properly dismissed Adams's First Amendment retaliation claim as Adams did not allege sufficient facts to support his conclusory allegations of retaliatory motive. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to survive a motion to dismiss, a plaintiff must allege facts that "allow [] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

12-55328

Absent plausible allegations of retaliatory motive, the district court also properly dismissed Adams's First Amendment free association claim because the prison's internal classification of prisoners is reasonably related to legitimate penological interests. *See Turner v. Safley*, 482 U.S. 78, 89-91 (1987) (discussing factors for determining whether regulation that impinges on First Amendment rights is reasonably related to legitimate penological interests); *see also Bruce v. Ylst*, 351 F.3d 1283, 1289 (9th Cir. 2003) ("It is clear . . . that prisons have a legitimate penological interest in stopping prison gang activity.").

To the extent that Adams also contends that his alleged improper classification violated the Eighth Amendment, dismissal was proper because the act of classification "does not amount to an infliction of pain" and therefore "is not condemned by the Eighth Amendment." *Myron*, 476 F.3d at 719 (internal quotation omitted).

Adams's allegations of judicial bias are unsupported by the record.

Adams's motion for a temporary injunction, filed on September 23, 2013, is denied without prejudice to raising the allegations that form the basis for the motion in a new action in district court, provided that Adams has exhausted his administrative remedies in accordance with the Prison Litigation Reform Act.

**AFFIRMED.**