**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 20 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JASON SCOTT HARPER,

      Plaintiff - Appellant,

v.

ARNOLD SCHWARZENEGGER; et al.,

      Defendants - Appellees.

No. 14-15327

D.C. No. 1:10-cv-00926-LJO-GSA

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted August 18, 2015[**]
San Francisco, California

Before: CLIFTON, N.R. SMITH, and CHRISTEN, Circuit Judges.

    Jason Scott Harper appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging that prison officials failed to

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

protect him from assault by his cellmates. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

The district court properly dismissed Harper's action for failure to state a claim. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (explaining we review de novo an order dismissing a prisoner complaint under 28 U.S.C. § 1915A for failure to state a claim). The record demonstrates Harper failed to plead facts sufficient to sustain a plausible Eighth Amendment violation claim. *See Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013) (setting forth three-part inquiry into failure-to-protect claim). First, Harper failed to allege facts demonstrating he was "incarcerated under conditions posing a substantial risk of serious harm." *Id*. at 1075. Second, Harper failed to show that Defendants "kn[ew] of and disregard[ed] an excessive risk to [Harper's] health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Additionally, Harper's Due Process rights were not implicated, because Harper does not have a protected liberty interest in single-cell status classification. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

The district court did not abuse its discretion by denying Harper leave to file a Fifth Amended Complaint, because after granting four amendments to the complaint, granting a fifth would be futile. *See Cervantes v. Countrywide Home*

2

*Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and noting that district court may dismiss without leave to amend when amendment would be futile); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (district court's discretion to deny leave to amend is particularly broad where it has afforded plaintiff one or more opportunities to amend).

**AFFIRMED.**