NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE J.R. ESPINOZA, | No. 18-15565 |
| Plaintiff-Appellant, | D.C. No. 1:17-cv-00338-LJO-SAB |
| v. | |
| D. DIAZ, Correctional Counselor I at California City Correctional Facility; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted May 15, 2018[**]

Before:    SILVERMAN, BEA, and WATFORD, Circuit Judges.

California state prisoner Jose J.R. Espinoza appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional claims arising from his classification hearing. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We may affirm on any basis supported by the record, *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1121 (9th Cir. 2013), and we affirm.

To the extent that success on Espinoza's due process claim would necessarily imply the invalidity of his sentence, the district court properly concluded that Espinoza's claim is *Heck*-barred because Espinoza failed to allege facts demonstrating that his sentence has been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (a "claim for declaratory relief and money damages, based on allegations . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983").

To the extent that success on Espinoza's due process claim would not necessarily imply the invalidity of his sentence, dismissal was proper because Espinoza failed to allege facts sufficient to show how his classification caused an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007) (concluding that prison regulations governing inmate's classification did not create a liberty interest because inmate failed to show that his raised classification level presented an "atypical and significant

18-15565

hardship" or would "invariably affect the duration of his sentence" (citations and quotation marks omitted)). Contrary to Espinoza's contention, *Burnsworth v. Gunderson*, 179 F.3d 771, 775 (9th Cir. 1999) is distinguishable because it dealt with the expungement of prison discipline records.

Dismissal of Espinoza's equal protection claim was proper because Espinoza failed to allege facts sufficient to state a plausible claim. *See Barren*, 152 F.3d at 1194 (setting forth elements of an equal protection claim); *see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

**AFFIRMED.**