**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 1 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TARRANCE VICKERS, | No. 17-15776 |
| Petitioner-Appellant, | D.C. No. 2:14-cv-01425-JAM-DB |
| v. | |
| RICK RACKLEY, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted June 14, 2019
San Francisco, California

Before: SCHROEDER and M. SMITH, Circuit Judges, and RAKOFF,** District Judge.

Tarrance Vickers appeals the district court's dismissal of his habeas petition.

He argues that prisoners such as himself have a liberty interest in good time credits

that have been lost but are capable of restoration. We have jurisdiction pursuant to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

28 U.S.C. § 1291, and we affirm.

The standard for determining whether a state has created a liberty interest that is protected by the Due Process Clause of the Fourteenth Amendment remains "a moving target." *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007). Although the Supreme Court formerly recognized a liberty interest when a state statute or regulation contained explicitly mandatory language, *see Hewitt v. Helms*, 459 U.S. 460, 471–72 (1983), the Court has since "generally" limited Due Process liberty interests "to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (citations omitted).

Vickers's loss of an opportunity to restore 61 days of previously-forfeited good time credits does not impose an atypical and significant hardship on him. Nor has the Court recognized a due process right in the restoration of previously-forfeited good time credits. Vickers relies on the Court's decision in *Wolff v. McDonnell*, but *Wolff* held only that prisoners have a liberty interest in retaining good time credits that they have already earned. 418 U.S. 539, 557 (1974). Its holding does not apply here because Vickers had already lost his good time credits before applying to restore them.

In the absence of clearly established federal law creating a due process right to the restoration of previously-forfeited good time credits, Vickers is not entitled

to relief.  *See* 28 U.S.C. § 2254(d)(1) ("An application for a writ of habeas corpus . . . shall not be granted . . . unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . .").

**AFFIRMED.**