**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| J.P. PARNELL, | No. 19-16393 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-01556-MCE-CKD |
| v. | |
| A. MARTINEZ; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted September 8, 2020**

Before:    TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

California state prisoner J.P. Parnell appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging various constitutional

claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

dismissal under 28 U.S.C. § 1915A.  *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cir. 2012). We affirm.

The district court properly dismissed Parnell's due process claim challenging his raised classification level following his failure to submit to a urinalysis because Parnell failed to allege facts sufficient to demonstrate that his raised classification level presented an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007) (concluding that prison regulations governing inmate's classification did not create a liberty interest because inmate failed to show that his raised classification level presented an "atypical and significant hardship" or would "invariably affect the duration of his sentence" (citations and quotation marks omitted)).

The district court properly dismissed Parnell's due process claim challenging his disciplinary hearing following his failure to submit to a urinalysis because Parnell failed to allege facts sufficient to demonstrate that he was not afforded all the process that was due. *See Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974) (to satisfy due process, prison officials must provide an inmate advance written notice of the violation, a written statement as to the evidence relied upon and the reasons for the disciplinary action taken, and a limited right to call witnesses and present documentary evidence); *see also Superintendent v. Hill*, 472 U.S. 445, 455 (1985) ("[T]he requirements of due process are satisfied if some evidence supports the

[disciplinary] decision . . . . ").

The district court properly dismissed Parnell's due process claim challenging defendants' responses to his grievances because Parnell "lack[s] a separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

The district court properly dismissed Parnell's claims challenging defendants' alleged failure to comply with prison regulations because failure to follow "state departmental regulations do[es] not establish a federal constitutional violation." *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009).

The district court properly dismissed Parnell's equal protection, cruel and unusual punishment, and retaliation claims because Parnell failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013) (elements of a § 1983 equal protection claim); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of a retaliation claim in the prison context); *Schwenk v. Hartford*, 204 F.3d 1187, 1196 (9th Cir. 2000) (an Eighth Amendment cruel and unusual punishment claim requires punishment which is "offensive to human dignity" (citation omitted)).

19-16393

Contrary to Parnell's contentions, he suffered no prejudice from the district court's failure to rule on his motions for judicial notice or for reconsideration.

Parnell's motion for a temporary restraining order (Docket Entry No. 12) is denied.

**AFFIRMED.**