**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CIRON BENTAY SPRINGFIELD, | No. 19-16160 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-02144-MCE-DB |
| v. | |
| P. CRAIG, Counselor; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted November 9, 2020[**]

Before: THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

California state prisoner Ciron Bentay Springfield appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging due

process claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo

a dismissal under 28 U.S.C. § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2012).  We affirm.

The district court properly dismissed Springfield's action because Springfield failed to allege facts sufficient to show that he was deprived of a protected liberty interest.  *See Sandin v. Conner*, 515 U.S. 472, 483-85 (1995) (a prisoner has no federal or state protected liberty interest when the sanction imposed neither extends the length of his sentence nor imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007) (California regulations governing security classification of prisoners and subsequent prison placement do not give rise to a protected liberty interest); *Serrano v. Francis*, 345 F.3d 1071, 1077-78 (9th Cir. 2003) (explaining that "[t]ypically, administrative segregation in and of itself does not implicate a protected liberty interest").

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

19-16160