# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JACOB HENRY BARRETT,
             *Plaintiff-Appellant,*

v.

BRIAN BELLEQUE; J. NOFZIGER;
REBECCA PRINSLOW; GARY RUSSELL;
J. TAYLOR; KENT PARKER,
             *Defendants-Appellees.*

No. 06-35667

D.C. No.
CV-06-00510-JE

OPINION

Appeal from the United States District Court
for the District of Oregon
Garr M. King, District Judge, Presiding

Argued and Submitted
March 14, 2008—Seattle, Washington

Filed September 22, 2008

Before: Betty B. Fletcher and Richard A. Paez,
Circuit Judges, and William W Schwarzer,* District Judge.

Per Curiam Opinion

*The Honorable William W Schwarzer, Senior United States District
Judge for the Northern District of California, sitting by designation.

13347

## COUNSEL

Leonard J. Feldman, Heller Ehrman LLP, Seattle, Washington, for the plaintiff-appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, Janet A. Metcalf, Assistant Attorney General, Salem, Oregon, for the defendants-appellees.

## OPINION

PER CURIAM:

Plaintiff-Appellant Jacob Barrett's *pro se* complaint was dismissed *sua sponte* by the district court, with prejudice, for failure to state a claim. Barrett, a prisoner at the Oregon State Penitentiary, attempted to mail a series of letters to his grandmother and mother—those letters used vulgar and offensive racist language to describe prison officials. After reviewing the letters, prison officials cited Barrett for violation of various prison disciplinary rules, resulting in a loss of good time,

revocation of certain privileges, and other punitive measures. Barrett responded by filing a complaint in federal court pursuant to 42 U.S.C. § 1983, alleging that the prison officials violated his rights under the First and Fourteenth Amendments. Acting without the benefit of any substantive briefing from the parties, the district court reasoned that the prison had a "legitimate penological interest[ ]" in preventing Barrett from using "crude and racist language," that outweighed any countervailing First Amendment interest. The district court's dismissal relied on an incorrect legal standard; under the correct standard Barrett has stated a claim for relief. We therefore reverse and remand.[1]

**[1]** Dismissal for failure to state a claim is reviewed *de novo*. *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). Factual allegations in the complaint are taken as true and all reasonable inferences are drawn in the plaintiff's favor. *Id*. "*Pro se* complaints are to be construed liberally and may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*. (citation and internal quotation marks omitted).

**[2]** The standards for evaluation of a First Amendment claim concerning outgoing correspondence sent by a prisoner to an external recipient were established by the Supreme Court in *Procunier v. Martinez*, 416 U.S. 396 (1974), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401, 413-14 (1989). Under these standards, censorship of prisoner mail is justified only if "the regulation or practice in question [ ] further[s] an important or substantial governmental interest unrelated to the suppression of expression" and "the limitation of First Amendment freedoms [is] no greater than is necessary or essential to the protection of the particular governmental interest involved." *Id*. at 413. *Procunier* is controlling law in the Ninth Circuit and elsewhere as applied to

---

[1]We have jurisdiction pursuant to 28 U.S.C. § 1291.

claims involving outgoing prisoner mail. *Bradley v. Hall*, 64 F.3d 1276, 1281 n.2 (9th Cir. 1995); *Loggins v. Delo*, 999 F.2d 364, 366 (8th Cir. 1993); *Brooks v. Andolina*, 826 F.2d 1266, 1268-69 (3d Cir. 1987); *McNamara v. Moody*, 606 F.2d 621, 624 (5th Cir. 1979).

**[3]** Barrett's complaint—which unequivocally pleads facts alleging that the prison censored his outgoing mail and punished him for its contents—states a claim that is clearly cognizable under *Procunier*. The district court was not in a position to decide, on the pleadings, whether the Oregon State Penitentiary's rules "further an important or substantial government interest," or impose limitations "no greater than is necessary or essential to the protection" of those interests. *Procunier*, 416 U.S. at 413. These are questions that go to the merits of Barrett's claim, not to whether he has stated a claim.

**[4]** Instead of analyzing Barrett's claim under *Procunier*, which is precedent that takes account of the fact that the recipient's First Amendment rights are implicated when outgoing prisoner mail is censored, the district court relied on case law addressing prison regulations that concern communications between prisoners. *See, e.g., Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119 (1977); *see also Turner v. Safley*, 482 U.S. 78 (1987). These authorities are not controlling here.[2]

**REVERSED AND REMANDED.**

---

[2]We note that, after dismissal, Barrett brought *Procunier* and its progeny to the district court's attention in a motion for reconsideration. That motion was denied by the district court without comment.