**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 19, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JACOB BARRETT,

      Plaintiff - Appellant,

v.

RANDY WORKMAN, Warden,
Oklahoma State Penitentiary; DEBBIE
MORTON, Deputy Director,
Oklahoma Department of Corrections;
CHAD BROWN, Case Worker,
Oklahoma State Penitentiary, TERRY
CRENSHAW, Assistant Warden,
Oklahoma State Penitentiary; TRACY
DAVIS, Unit Manager, Oklahoma
State Penitentiary; SGT. MAJOR, Unit
Supervisor, Oklahoma State
Penitentiary; LT. JANE DOE, Unit
Supervisor, Oklahoma State
Penitentiary; MR. APALA, Case
Worker, Oklahoma State Penitentiary;
DAVID ORMAN, Mailroom
Administrator, Oklahoma State
Penitentiary; ERIK TAYLOR, Case
Worker, Oklahoma State Penitentiary;
OKLAHOMA DEPARTMENT OF
CORRECTIONS,

      Defendants - Appellees.

No. 12-7010
(D.C. No. 6:11-CV-00423-RAW-SPS)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

_____

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

Plaintiff-Appellant, Jacob Barrett, an Oregon prisoner incarcerated in New Mexico and proceeding pro se, appeals the district court's denial of his motion to proceed without prepayment of filing fees, claiming that he is not subject to the "three strikes" provision in the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), and, alternatively, that he falls under the exception to the "three strikes" rule because he faces "imminent danger of serious physical injury," id. Although the order being appealed from denied Mr. Barrett in forma pauperis ("IFP") status in the district court, he also must obtain that status here. We conclude that he is barred by § 1915(g), deny him leave to proceed IFP, and dismiss his appeal.

Background

Mr. Barrett initiated this action in 2010, bringing suit in the District of Oregon against Oregon and Oklahoma officials. Aplt. Br. 2. The court dismissed the suit against the Oregon defendant and dismissed the complaint, leaving open

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

the opportunity to re-file against the Oklahoma defendants in the Eastern District of Oklahoma.  Id.  Mr. Barrett re-filed in the Eastern District of Oklahoma, and that court denied his motion to proceed IFP pursuant to 28 U.S.C. § 1915(g).  Aplt. App. 21-22.  He filed a motion for reconsideration, id. at 23-27, and before receiving a response from the district court, he filed a notice of appeal, id. at 28.  The district court subsequently denied his motion to reconsider, id. at 30-32, but he did not amend his notice of appeal.

This court filed an order to show cause on February 24, 2012, challenging Mr. Barrett's failure to pay fees in advance.  He filed a response on March 2, 2012.  We consider that issue, resolve the issue against him, deny IFP, and dismiss his appeal.

Discussion

As a threshold matter, Mr. Barrett did not appeal the district court's denial of his motion for reconsideration as he filed this appeal before the court issued an order.  Id. at 23-27, 28.  Therefore, we do not have jurisdiction to review that district court decision.  See B. Willis, C.P.A., Inc. v. BNSF Ry. Corp., 531 F.3d 1282, 1295 (10th Cir. 2008).  We will review, however, the district court's original denial of Mr. Barrett's motion to proceed IFP.

Mr. Barrett admits that one of his prior cases, Barrett v. Cook, No. 02-CV-515-TC (D. Or. May 10, 2002) counts as a strike.  We agree that this case counts

as strike one.

Second, <u>Barrett v. Belleque</u>, No. 05-CV-1774 (D. Or. Feb. 23, 2006), was dismissed as frivolous and for failure to state a claim. Though Mr. Barrett argues that the law has changed since this case, and that a subsequent case that he filed on similar facts was found by the Ninth Circuit to actually state a claim for relief, Aplt. Br. 7; <u>see</u> <u>Barrett v. Belleque</u>, 544 F.3d 1060 (9th Cir. 2008), his arguments fail. Though the subsequent case may have been based on similar facts, it did not change the holding in the previous case that Mr. Barrett had failed to state a claim—a situation covered expressly by § 1915(g). This case is strike two.

Finally, in his response to our order to show cause, Mr. Barrett claims that <u>Barrett v. Williams</u>, No. 10-CV-439 (D. Or. June 16, 2010), does not count as a strike because the court only dismissed claims against the Oregon defendant for failure to state a claim, and allowed the case to be transferred to Oklahoma—the precursor to this action. <u>See</u> Response to Order to Show Cause, <u>Barrett v. Workman</u>, No. 12-7010, at 3 (10th Cir. Mar. 2, 2012) (hereinafter "Response to Order to Show Cause"). Based on the recent case <u>Thomas v. Parker</u>, 672 F.3d 1182 (10th Cir. 2012), a mixed petition, dismissed in part for failure to state a claim, can count as a strike for purposes of the PLRA. <u>Id.</u> at 1184. Therefore, this was Mr. Barrett's third strike.

Alternatively, Mr. Barrett argues that even if he does have three strikes against him, he has alleged facts to meet the imminent danger exception to

§ 1915(g). Aplt. Br. 9-13. We disagree. Mr. Barrett argues that preventing him from having access to the courts based on the three-strike rule will make him an easy target, placing him in imminent danger of having his rights violated by prison officials without redress. Id. at 10-12. He also argues that he was physically retaliated against for bringing suits against prison officials, had legal documents destroyed, and was labeled a "snitch." See Response to Order to Show Cause at 4-5. This circuit has stated that to meet the imminent danger exception, an appellant is required to make "specific, credible allegations of imminent-danger of serious physical harm." Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1179 (10th Cir. 2011). This requires that the prisoner show imminent danger "at the time he filed his complaint." Id. Mr. Barrett has failed to do so here. Instead, he alleges things that have happened in the past, or that he fears will happen in the future. This does not fulfill the imminent-danger requirement.

The order to show cause is discharged, we DENY Mr. Barrett's motion to proceed IFP, and DISMISS the appeal. Appellant is ordered to immediately pay the filing fee in full.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

- 5 -