**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FATEEM L. JACKSON,

               Plaintiff - Appellant,

  v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION,

               Defendant,

  and

M. CARRASCO, Chief Deputy Warden;
D. ZANCHI, Captain; Y. PANTOJA,
Correctional Officer; N. WOOD,
Correctional Officer; J. YODER,
Correctional Officer; R. SELBACH,
Correctional Officer; FERNANDEZ,
Correctional Officer; C. R. RUBIN,
Correctional Officer; ORTIZ, Correctional
Officer; R. PAYAN, Correctional Officer,

               Defendants - Appellees.

No. 12-15880

D.C. No. 1:07-cv-01414-LJO-SKO

MEMORANDUM[*]

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted January 15, 2013[**]
San Francisco, California

Before:     HUG, FARRIS, and LEAVY, Circuit Judges.

Fateem L. Jackson appeals pro se the district court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional violations arising out of cross-gender strip searches conducted at California Correctional Institution ("CCI") in Tehachapi, California. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

This court reviews de novo a grant of summary judgment on the grounds of qualified immunity. *McSherry v. City of Long Beach*, 584 F.3d 1129, 1134 (9th Cir. 2009). Summary judgment is appropriate if, when the evidence is viewed in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.* at 1135. This court also reviews de novo a district court's sua sponte dismissal for

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, Jackson's motion for oral argument is denied.

[1]  Because the parties are familiar with the facts underlying this appeal, we do not recount the facts here.

failure to state a claim. *Barrett v. Belleque*, 544 F.3d 1060, 1061 (9th Cir. 2008). "Dismissal is proper when there is a lack of a cognizable legal theory to support a claim." *City of Arcadia v. EPA*, 411 F.3d 1103, 1106 n.3 (9th Cir. 2005) (internal quotation marks omitted). This court "may affirm on any ground supported by the record." *Serrano v. Francis*, 345 F.3d 1071, 1076-77 (9th Cir. 2003).

The district court correctly determined that the defendants were entitled to qualified immunity on Jackson's Fourth Amendment claim. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted). An official is entitled to qualified immunity unless: 1) the plaintiff shows that the government official violated a constitutional right; and 2) that right was clearly established at the time of the alleged misconduct. *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *modified by Pearson*, 555 U.S. at 233-36.

At the time of the defendants' conduct in 2007, it was not clearly established that a cross-gender strip search in a non-emergency situation may be unreasonable. *See Somers v. Thurman*, 109 F.3d 614, 622 (9th Cir. 1997) (holding that the right to be free from cross-gender strip searches, if such a right existed, was not clearly

established); *but see Byrd v. Maricopa Cnty. Sheriff's Dept.*, 629 F.3d 1135, 1147 (9th Cir. 2011) (en banc) (holding that the cross-gender strip search at issue was unreasonable). The fact that California law does not permit non-emergency cross-gender strip searches does not strip the defendants of their qualified immunity. *See Somers*, 109 F.3d at 621. Thus, because the state of the law in 2007 did not give the defendants fair warning of the potential unlawfulness of their conduct, they are entitled to qualified immunity. *See Hope v. Pelzer*, 536 U.S. 730, 741 (2002).

We likewise affirm the dismissal of Jackson's substantive due process claim because the defendants are entitled to qualified immunity. *See Serrano*, 345 F.3d at 1081. CCI's strip search policy as instituted was reasonable under *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). *See Michenfelder v. Sumner*, 860 F.2d 328, 331-34 (9th Cir. 1988). Therefore, the defendants are not subject to liability on this issue because their conduct did not violate Jackson's rights. *See Saucier*, 533 U.S. at 201. As to the implementation of CCI's strip search policy, it was not clearly established that it could be unreasonable to have female corrections officers conduct visual strip searches. *See Somers*, 109 F.3d at 622. Therefore, the defendants are entitled to qualified immunity on that issue. *Id.*; *see Hope*, 536 U.S. at 741.

The district court did not err when it did not address Jackson's procedural due process claim. Jackson was not permitted to pursue such a claim after his complaint was screened purusant to 28 U.S.C. § 1915A. Jackson did not challenge the court's order, and this issue is therefore waived. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991) (failure to object to the magistrate's findings may constitute waiver of that issue).

We reject Jackson's remaining contentions because they lack merit.

**AFFIRMED.**