**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EUGENE BEAUREGARD; SUSAN BEAUREGARD, | No. 12-35937 |
| Plaintiffs - Appellants, | D.C. No. 3:12-cv-05945-RBL |
| v. | MEMORANDUM[*] |
| STATE OF WASHINGTON; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted December 17, 2013[**]

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Eugene and Susan Beauregard appeal pro se from the district court's

judgment dismissing their action alleging violations of federal environmental laws,

among other things, in connection with a water pipeline running through their

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

parcel of land. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Barrett v. Belleque*, 544 F.3d 1060, 1061 (9th Cir. 2008) (per curiam). We affirm.

The district court properly dismissed the Beauregards' action because the Beauregards failed to allege sufficient facts to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (district court has authority under Fed. R. Civ. P. 12(b)(6) to dismiss sua sponte for failure to state a claim). Moreover, to the extent that the Beauregards seek to overturn the state court quiet title decision, their claims are barred by the *Rooker-Feldman* doctrine. *See Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003) ("If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court.").

We do not consider whether the district court should have granted the Beauregards' request for a preliminary injunction because that issue has "merged" with the Beauregards' substantive appeal regarding their claims. *See SEC v. Mount Vernon Mem'l Park*, 664 F.2d 1358, 1361-62 (9th Cir. 1982).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

The Beauregards' motion to reassign their case to a different district court judge on remand, filed on January 31, 2013, is denied as moot.

Defendants' motion for judicial notice, filed on April 29, 2013, is granted.

Defendants' motion to strike the Beauregards' numerous citations of supplemental authorities under Fed. R. App. P. 28(j), filed on July 1, 2013, is denied. However, we do not consider any arguments raised for the first time in these citations of supplemental authorities. *See Pawlyk v. Wood*, 248 F.3d 815, 821 n.5 (9th Cir. 2001). The Beauregards' request for reimbursement for opposing defendants' motion is denied.

The Beauregards' motion to disqualify defendants' counsel, filed on October 4, 2013, is denied.

**AFFIRMED.**

12-35937