**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL DAVID DYDZAK, | No. 12-56960 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-05560-JCC |
| v. | |
| TANI CANTIL-SAKAUYE; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
John C. Coughenour, District Judge, Presiding[**]

Submitted May 13, 2015[***]

Before:    LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

Daniel David Dydzak, a disbarred California attorney, appeals pro se from

the district court's judgment dismissing his action alleging constitutional claims

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable John C. Coughenour, United States District Judge for the Western District of Washington, sitting by designation under 28 U.S.C. § 292(b).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

related to his disbarment, and from its order declaring him a vexatious litigant. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a sua sponte dismissal for failure to state a claim. *Barrett v. Belleque*, 544 F.3d 1060, 1061 (9th Cir. 2008). We affirm.

The district court properly dismissed Dydzak's claims against the federal judges and California Supreme Court Chief Justice Tani Cantil-Sakauye because they are immune from liability. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors.").

The district court properly dismissed on the basis of the doctrine of res judicata Dydzak's claims against defendants Scott J. Drexel, Joann Remke, the California Supreme Court, and California Supreme Court Justices Joyce L. Kennard, Marvin R. Baxter, Kathryn M. Werdegar, Ming W. Chin, Carol A. Corrigan, and Ronald M. George, because Dydzak alleged nearly identical claims related to his disbarment against these defendants in a prior federal action in which there was a final judgment on the merits. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956-57 (9th Cir. 2002) (setting forth elements of res judicata).

The district court properly dismissed Dydzak's claims against defendant Beth Jay under the doctrine of collateral estoppel because the issues raised in these

claims had been previously litigated, and were necessary to the prior judgment. *See McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1096 (9th Cir. 2004) (a prior decision has preclusive effect if the issues at stake are identical, were actually litigated by the party against whom preclusion is asserted, and were a critical and necessary part of the prior judgment).

The district court did not abuse its discretion by entering a pre-filing order against Dydzak after providing him notice and an opportunity to be heard, developing an adequate record for review, making substantive findings regarding his frivolous litigation history, and tailoring the restriction narrowly. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056, 1057-61 (9th Cir. 2007) (per curiam) (setting forth standard of review and discussing factors to consider before imposing pre-filing restrictions).

We reject Dydzak's contentions that the district court lacked jurisdiction and that its proceedings involved extrinsic fraud or fraud upon the court.

Dydzak's requests for oral argument, filed on January 26, 2015 and set forth in his opening brief, are denied.

Dydzak's remaining requests, set forth in his opening brief, are denied.

All pending motions are denied.

**AFFIRMED.**