**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 23 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARK ALAN LANE,<br><br>        Petitioner - Appellant,<br><br>   v.<br><br>MARION FEATHER,<br><br>        Respondent - Appellee. | No. 13-35427<br><br>D.C. No. 3:12-cv-02360-PA<br><br><br>MEMORANDUM[*] |
| MARK ALAN LANE,<br><br>        Petitioner - Appellant,<br><br>   v.<br><br>MARION FEATHER,<br><br>        Respondent - Appellee. | No. 13-35640<br><br>D.C. No. 3:13-cv-00005-PA |
| MARK ALAN LANE,<br><br>        Petitioner - Appellant,<br><br>   v. | No. 13-35677<br><br>D.C. No. 3:13-cv-00100-PA |

---

        [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

MARION FEATHER,

       Respondent - Appellee.

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, Senior District Judge, Presiding

Argued and Submitted July 7, 2015
Portland, Oregon

Before: PREGERSON, N.R. SMITH, and OWENS, Circuit Judges.

In three separate cases,[1] federal prisoner Mark Alan Lane appealed the denials of his 28 U.S.C. § 2241 habeas corpus petitions. In each of the three petitions, Lane challenged the loss of 27 days of good-conduct time following prison disciplinary decisions, finding that he "[t]hreaten[ed] another with bodily harm" in violation of Bureau of Prisons ("BOP") Prohibited Act Code 203, 28 C.F.R. § 541.3 Table 1, 203. The statements for which Lane was punished were contained in letters Lane sent to various individuals and government entities. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We vacate and remand.

---

[1]This memorandum disposition addresses Case Nos. 13-35427, 13-35640, and 13-35677. The cases have been consolidated for the purpose of this disposition only.

2

When a prisoner is punished for statements made in outgoing mail, the prisoner's First Amendment rights are implicated, and the regulation authorizing the punishment must satisfy the test outlined in *Procunier v. Martinez*, 416 U.S. 396 (1974), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989). *Barrett v. Belleque*, 544 F.3d 1060, 1062 (9th Cir. 2008) (per curiam). For a prison regulation to be valid under *Procunier*, the regulation must "further an important or substantial government interest," and impose limitations "no greater than is necessary or essential to the protection" of those interests. 416 U.S. at 413.

The government argues that the issue of whether section 203 satisfies the *Procunier* test was not presented to the district court and, therefore, this court should not address the issue in the first instance. Instead, the government argues that the only issue properly on appeal is whether there is "some evidence" to support the Discipline Hearing Officers' conclusions that Lane threatened another with bodily harm. *See Superintendent v. Hill*, 472 U.S. 445, 455 (1985). However, to determine whether there is some evidence that Lane "threaten[ed] another" under section 203, we must first know how to define "threat."

Lane argues that to prevent any constitutional issues, section 203 must be defined to only prohibit "true threats," or "those statements where the speaker means to communicate a serious expression of an intent to commit an act of

3

unlawful violence to a particular individual or group of individuals." *Virginia v. Black*, 538 U.S. 343, 359 (2003). Conversely, the government argues that the section 203 should be interpreted to prohibit all threatening statements, whether they amount to true threats or not.

The plain language of section 203 does not suggest that "threaten another" prohibits only true threats, and Lane has not provided any controlling authority in the prison context that would so require. *See Boumediene v. Bush*, 553 U.S. 723, 787 (2008) ("The canon of constitutional avoidance does not supplant traditional modes of statutory interpretation. We cannot ignore the text and purpose of a statute in order to save it." (citation omitted)). Therefore, we agree with the BOP's interpretation of section 203, which prohibits all threatening communications. However, as Lane has argued, adopting the BOP's interpretation implicates Lane's First Amendment rights. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam) (holding that a prisoner "enjoys a First Amendment right to send and receive mail"). For a regulation that implicates a prisoner's First Amendment rights in the outgoing mail context to be valid, it must pass the *Procunier* test. *Barrett*, 544 F.3d at 1062.

The record is not sufficiently developed for us to evaluate whether section 203 satisfies *Procunier*. The record does not contain sufficient evidence

4

concerning (1) the government's substantial or important interests in prohibiting threats sent out of prisons by prisoners, or (2) whether section 203's limitations are "no greater than . . . necessary or essential to the protection" of those interests. *Procunier*, 416 U.S. at 413. Therefore, we remand to the district court to determine whether section 203 satisfies *Procunier*.[2] The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**

---

[2]Because we vacate and remand based on Lane's First Amendment argument, we do not reach Lane's alternative challenges.