FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 03 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JASON BARNARD,<br><br>               Plaintiff - Appellant,<br><br>   v.<br><br>U.S. GOVERNMENT,<br><br>               Defendant - Appellee. | No. 14-55773<br><br>D.C. No. 5:14-cv-00814-GW-JC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted February 24, 2016[**]

Before: LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Jason Barnard appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging a First Amendment claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a sua sponte dismissal for failure to state a claim. *Barrett v. Belleque*, 544 F.3d 1060, 1061 (9th Cir. 2008).

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We affirm.

The district court properly dismissed Barnard's action as frivolous because Barnard's claims lacked any arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (a "frivolous" claim lacks an arguable basis either in law or in fact; the "term 'frivolous' . . . embraces not only the inarguable legal conclusion, but also the fanciful factual allegation"); *see also Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (court may sua sponte dismiss for failure to state a claim without notice or an opportunity to respond where plaintiff cannot possibly win relief). Moreover, Barnard failed to show that the United States has waived its sovereign immunity from suit. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *Jachetta v. United States*, 653 F.3d 898, 904 (9th Cir. 2011) (§ 1983 does not waive sovereign immunity).

**AFFIRMED.**