**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 28 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARLES G. KINNEY, | No. 16-56162 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-03279-PSG-JC |
| v. | |
| MICHELE R. CLARK; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted December 18, 2017[**]

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Charles G. Kinney appeals pro se from the district court's order dismissing

his action alleging violations of the Fair Debt Collection Practices Act and the

Racketeer Influenced and Corrupt Organizations Act. We have jurisdiction under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Kinney's request for oral argument, set forth in the opening brief, is denied.

28 U.S.C. § 1291. We review de novo a sua sponte dismissal for failure to state a claim. *Barrett v. Belleque*, 544 F.3d 1060, 1061 (9th Cir. 2008). We may affirm on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

Dismissal of Kinney's action was proper under the *Rooker-Feldman* doctrine because Kinney's claims constitute a "de facto appeal" of prior state court judgments, or are "inextricably intertwined" with those judgments. *See Noel v. Hall*, 341 F.3d 1148, 1163-65 (9th Cir. 2003) (discussing application of the *Rooker-Feldman* doctrine); *see also Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (holding that *Rooker-Feldman* doctrine barred claim for injunction based on allegedly erroneous and "void" state court judgment because "[g]ranting the injunction would require the district court to determine that the state court's decision was wrong and thus void").

The district court did not abuse its discretion by dismissing the complaint without leave to amend because amendment would be futile. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

We reject as without merit Kinney's challenges to the district court orders regarding venue, transfer, relation of cases, recusal, and the striking of

2                                                          16-56162

electronically filed documents.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Appellees' requests for sanctions and for leave to file a motion for a vexatious litigant pre-filing review order against Kinney, set forth in the answering brief, are denied.

Kinney's request for judicial notice (Docket Entry No. 22) is granted.

Appellees' requests for judicial notice (Docket Entry Nos. 11, 26 & 30) are granted.

**AFFIRMED.**

16-56162