NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 28 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARLES G. KINNEY,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>CLERK OF CALIFORNIA COURT OF APPEAL, FOURTH APPELLATE DISTRICT, Division Three, acting in an administrative capacity; et al.,<br><br>    Defendants-Appellees. | No. 17-55081<br><br>D.C. No. 8:16-cv-02197-CJC-KES<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted December 18, 2017[**]

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Charles G. Kinney appeals pro se from the district court's order dismissing

his action alleging constitutional claims arising from state court proceedings. We

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Kinney's request for oral argument, set forth in the opening brief, is denied.

have jurisdiction under 28 U.S.C. § 1291. We review de novo a sua sponte dismissal for failure to state a claim. *Barrett v. Belleque*, 544 F.3d 1060, 1061 (9th Cir. 2008). We affirm.

The district court properly dismissed Kinney's action on the basis of judicial immunity and quasi-judicial immunity. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (describing factors relevant to whether an act is judicial in nature and subject to judicial immunity); *Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1390 (9th Cir. 1987) (court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process, including taking actions necessary to commence an action); *see also Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 637-38 (9th Cir. 1988) (court may sua sponte dismiss a complaint for failure to state a claim without notice or an opportunity to respond when plaintiff cannot possibly win relief).

To the extent that Kinney seeks an order directing defendants to docket his appeal, this court lacks jurisdiction to issue such an order. *See Demos v. U.S. Dist. Court For E. Dist. of Wash.*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (order) (federal courts lack jurisdiction to issue writs of mandamus to state courts).

The district court did not abuse its discretion by dismissing the complaint without leave to amend because amendment would be futile. *Cervantes v.*

*Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

The district court did not abuse its discretion by denying Kinney's motion to vacate or reconsider because Kinney failed to demonstrate any basis for reconsideration. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

We reject as unsupported by the record Kinney's contention that the district judge was biased.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**