NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 19 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GLENDALE OUTPATIENT SURGERY CENTER, a California corporation, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> UNITED HEALTHCARE SERVICES, INC.; UNITED HEALTHCARE INSURANCE CO.; and DOES, 1 through 100, <br><br> Defendants - Appellees. | No.    19-55412 <br><br> D.C. No. 2:18-cv-10550-SVW-SS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted April 15, 2020[**]
Pasadena, California

Before:  COLLINS and LEE, Circuit Judges, and PRESNELL,[***] District Judge.

Glendale Outpatient Surgery Center ("GOSC") appeals the *sua sponte*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Gregory Presnell, United States District Judge for the Middle District of Florida, sitting by designation.

dismissal without prejudice of its ERISA action for failure to state a claim. We affirm.

1.      28 U.S.C. § 1291 confers jurisdiction on this court over appeals from "final" decisions of federal district courts. A decision is "final" for purposes of § 1291 if it: (i) is a full adjudication of the issues; and (ii) clearly evidences the judge's intention that it be the court's final act in the matter. *See Elliott v. White Mountain Apache Tribal Court*, 566 F.3d 842, 846 (9th Cir. 2009).

The district court's order fully adjudicated the issues in this action because it dismissed GOSC's only cause of action. And by three separate references to dismissal of the "case," rather than merely the complaint, the order evidences the district court's intent to end the entire action. *See De Tie v. Orange County*, 152 F.3d 1109, 1111 (9th Cir. 1998) (while the dismissal of a complaint with leave to amend is ordinarily non-final, the "dismissal of an *action*, even when it is without prejudice, is a final order") (emphasis added). This intent is further confirmed by the district court clerk's docket entry notation terminating the case. *See Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012) ("That the court considered the case closed is also evinced by the clerk's definitive termination of the case."). Accordingly, we have jurisdiction over this appeal under 28 U.S.C. § 1291.

2.      A district court may dismiss a claim *sua sponte* under Federal Rule of Civil Procedure 12(b)(6). *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th

2

Cir. 1987). We review *de novo* a *sua sponte* dismissal. *See Barrett v. Belleque*, 544 F.3d 1060, 1061 (9th Cir. 2008).

The district court did not err in dismissing GOSC's ERISA claim. Under 29 U.S.C. § 1132(a)(1)(B), an ERISA plan "participant or beneficiary" may bring an action "to recover benefits due to him under the terms of his plan." GOSC's complaint fails to state a claim under this statute because it does not identify: (i) any ERISA plan, apart from vague references to anonymous patients who allegedly assigned rights to GOSC; or (ii) any plan terms that specify benefits that the defendants were obligated to pay but failed to pay. These deficiencies are exacerbated by GOSC's decision to lump 44 separate events — presumably involving distinct ERISA plans, coverage provisions, medical procedures, and insurer communications — into a single set of generalized allegations. Such allegations cannot give rise to a "reasonable inference that [the insurer] is liable" for medical care covered by the terms of ERISA plans to which GOSC's patients were participants or beneficiaries. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal of this claim was therefore proper.

**AFFIRMED.**