NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**AFTECHMOBILE INC.,**
*Plaintiff-Appellant*

**v.**

**SALESFORCE.COM, INC.,**
*Defendant-Appellee*

---

2021-1105

---

Appeal from the United States District Court for the Northern District of California in No. 4:19-cv-05903-JST, Judge Jon S. Tigar.

---

Decided:  July 13, 2021

---

MATTHEW MICHAEL WAWRZYN, Wawrzyn LLC, Chicago, IL, for plaintiff-appellant.

DAN L. BAGATELL, Perkins Coie LLP, Hanover, NH, for defendant-appellee.  Also represented by TARA LAUREN KURTIS, Chicago, IL; SHYAMKRISHNA PALAIYANUR, JOSE CARLOS VILLARREAL, Austin, TX; CHAO WANG, Palo Alto, CA.

---

Before MOORE, *Chief Judge*, LINN and CHEN, *Circuit Judges*.

PER CURIAM.

Aftechmobile appeals the dismissal of its complaint alleging infringement of Aftechmobile's U.S. Patent Nos. 8,813,028 and No. 10,133,558 based on patent ineligibility. Because the district court did not err in its analysis of patent ineligibility, we affirm.

The '558 patent is a continuation of the '028 patent and both share the same specification. Aftechmobile alleges that the invention in both patents allowed technically unsophisticated users to create mobile applications without coding by integrating pre-coded software with new applications to connect to backend databases.

This court reviews dismissals under Rule 12(b)(6) under the law of the regional circuit. *Simio, LLC v. FlexSim Software Prods., Inc.*, 983 F.3d 1353, 1358 (Fed. Cir. 2020). The Ninth Circuit reviews such dismissals de novo. *Barrett v. Belleque*, 544 F.3d 1060, 1061 (9th Cir. 2008). Patent eligibility is a question of law reviewed by this court de novo. *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1128 (Fed. Cir. 2018). We apply the *Alice* two-step process for determining patent eligibility. *See Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 217–18 (2014).

At Step 1, the district court did not err in holding that the claims of both patents are directed to "the abstract idea of enabling the creation of mobile applications without coding by combining pre-coded software components." *Aftechmobile Inc. v. Salesforce.com, Inc.*, No. 19-CV-05903-JST, 2020 WL 6129139, at *5 (N.D. Cal. Sept. 2, 2020) (*District Court Op.*). The district court correctly explained that, while the claim recited a computer program to accomplish various functions by running a "computer program code" stored in a generic computer storage medium and run on a

generic computer processor, it nowhere recited how the program code was written or how it worked to accomplish those functions. *Id.* at \*6. The recitation of desired functions without corresponding recitations on how to achieve or implement those functions leaves the claims devoid of anything but the abstract idea. *See Apple, Inc. v. Ameranth, Inc.*, 842 F.3d 1229, 1240–41 (Fed. Cir. 2016); *Affinity Labs of Texas, LLC v. Amazon.com Inc.*, 838 F.3d 1266, 1269 (Fed. Cir. 2016). This places the claims herein firmly within the world of *Electric Power Group, LLC. v. Alstom S.A.*, 830 F.3d 1350, 1351 (Fed. Cir. 2016) and *Ericsson Inc. v. TCL Communication Tech. Holdings Ltd.*, 955 F.3d 1317, 1328 (Fed. Cir. 2020), and adequately distinguishes the claims from those found not directed to patent ineligible abstract ideas in *Koninklijke KPN N.V. v. Gemalto M2M GmbH*, 942 F.3d 1143, 1148–50; *Ancora Technologies, Inc. v. HTC America, Inc.*, 908 F.3d 1343, 1348 (Fed. Cir. 2018); *Data Engine Technologies LLC v. Google LLC*, 906 F.3d 999, 1007 (Fed. Cir. 2018); and *Visual Memory LLC v. NVIDIA Corp.*, 867 F.3d 1253, 1259–60 (Fed. Cir. 2017); *McRO, Inc. v. Bandai Namco Games America Inc.*, 837 F.3d 1299, 1313–14 (Fed. Cir. 2016).

The district court also did not err in holding that the claims lack an inventive concept at Step 2. As noted, the claims recite generic computer components and desired results without specific implementation. This is not a case like *Aatrix Software, Inc.*, 882 F.3d at 1128, or *BASCOM Global Internet Services, Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1350 (Fed. Cir. 2016), with concrete allegations of non-routine activity and limitations on how the abstract idea is to be implemented. Although Aftechmobile argues that the claims show one of ordinary skill how to marry the front and backend, Aftechmobile does not explain where in the claims, the specification, the complaint, or the briefing an explanation can be found on how that is done, or what components or ordered combination of components constitute the inventive step to accomplish that result.

4                    AFTECHMOBILE INC. v. SALESFORCE.COM, INC.


The recited claim limitations, lengthy as they may be, and the bare statement of patent validity in the complaint do not save the complaint from dismissal.

## AFFIRMED