NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 21 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL ALAN WEISS, as Executor of Estate of Jane L. Marsh, | No. 22-55877 |
| Plaintiff-Appellant, | D.C. No. 8:20-cv-00972-CBM-ADS |
| v. | |
| PEGGY PEI LIN; YI MING SU, YuYu Ming, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| DOES, 1 through 10, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, District Judge, Presiding

Submitted September 12, 2023[**]

Before:     CANBY, CALLAHAN, and OWENS, Circuit Judges.

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Michael Alan Weiss appeals pro se from the district's order dismissing his 42 U.S.C. § 1983 action alleging Fifth and Fourteenth Amendment claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a sua sponte dismissal for failure to state a claim. *Barrett v. Belleque*, 544 F.3d 1060, 1061 (9th Cir. 2008). We affirm.

The district court properly dismissed Weiss's action because Weiss failed to allege facts sufficient to show that defendants were engaged in state action. *See Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835-37 (9th Cir. 1999) (describing factors for evaluating whether private individuals were engaged in state action).

The district court did not abuse its discretion in denying leave to amend because amendment of Weiss's claims would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that leave to amend may be denied when amendment would be futile).

The district court did not abuse its discretion in denying Weiss's May 20, 2022 and July 29, 2022 motions because Weiss failed to demonstrate any basis for relief. *See Garamendi v. Henin*, 683 F.3d 1069, 1077 (9th Cir. 2012) (setting forth standard of review and grounds for relief under Fed. R. Civ. P. 60(a)); *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 728-29 (9th Cir. 2007) (setting forth standard of

review and grounds for relief under Fed. R. Civ. P. 59(a)); *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Fed. R. Civ. P. 59(e) and 60(b)).

We lack jurisdiction to review the district court's November 3, 2022 order because Weiss failed to file an amended or separate notice of appeal. *See* Fed. R. App. P. 4(a)(4)(B)(ii); *Whitaker v. Garcetti*, 486 F.3d 572, 585 (9th Cir. 2007) (discussing the requirement to file an amended or new notice of appeal in order to contest an issue arising after filing an earlier notice of appeal).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**