NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LA TECH AND CONSULTING, LLC, a California Limited Liability Company, | No. 22-56221 |
| Plaintiff-Appellant, | D.C. No. 8:22-cv-01213-DOC-KES |
| v. | |
| AMERICAN EXPRESS COMPANY, a Utah Corporation Erroneously Sued As American Express Company, Inc.; DOES, 1 to 50, inclusive, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted November 9, 2023
Pasadena, California

Before: W. FLETCHER and OWENS, Circuit Judges, and SCHREIER,** District Judge.

LA Tech and Consulting, LLC ("LA Tech") appeals from the district court's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, sitting by designation.

judgment dismissing its claims against American Express Company ("AMEX"). The district court dismissed LA Tech's claims with prejudice, holding that LA Tech failed to plead factual allegations sufficient to support its (1) claim for receipt of stolen property under section 496 of the California Penal Code ("section 496"), (2) section 496 claims for withholding and concealing of stolen property, and (3) claim for conversion. As the parties are familiar with the facts, we do not recount them here. We affirm the district court's dismissal of LA Tech's claims for receipt of stolen property and conversion. We reverse and remand the district court's dismissal of LA Tech's claims for withholding and concealing of stolen property.

We review de novo a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Barrett v. Belleque*, 544 F.3d 1060, 1061 (9th Cir. 2008) (per curiam). The complaint's factual allegations are assumed true, and all reasonable inferences are drawn in the plaintiff's favor. *Id.* The claim must be "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Conclusory legal statements are not sufficient. *Id.*

The district court properly determined that LA Tech failed to plead sufficient factual allegations to state a plausible claim for receipt of stolen property under section 496. For this claim, the plaintiff must establish (1) the property was stolen, (2) the defendant knew the property was stolen, and (3) the defendant received the

2

stolen property. *Switzer v. Wood*, 247 Cal. Rptr. 3d 114, 121 (Ct. App. 2019). A necessary element of receipt of stolen property is the defendant's actual knowledge at the time of receipt that the property was stolen. *People v. Tessman*, 168 Cal. Rptr. 3d 29, 35 (Ct. App. 2014).

LA Tech argues that the online payment system AMEX designed was susceptible to fraud and AMEX must have known it was subject to exploitation. Even if LA Tech's sole factual allegation were assumed true (i.e., AMEX's online system is susceptible to fraud), its legal conclusion that AMEX must have known that the funds it was receiving from LA Tech were stolen is not entitled to an assumption of truth under Rule 12(b)(6), nor is it facially plausible. *See Iqbal*, 556 U.S. at 678. LA Tech alternatively argues that actual knowledge is not required, the property does not have to be stolen at the time of receipt, the issue of actual knowledge is left to the jury, and an alleged agency relationship between AMEX and the unknown persons that stole the money could impute actual knowledge to AMEX. We are not persuaded by these alternative arguments.

The district court also properly determined that LA Tech failed to plead sufficient factual allegations to state a claim for conversion. Conversion claims for money require a "specific" and "identifiable" sum and "typically involve those who have misappropriated, commingled, or misapplied specific funds held for the benefit of others." *PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil &*

*Shapiro, LLP*, 58 Cal. Rptr. 3d 516, 524-25 (Ct. App. 2007). The money here was not a "specific sum capable of identification" because it was not held in a segregated fund for the benefit of LA Tech. *Software Design & Application, Ltd. v. Hoefer & Arnett, Inc.*, 56 Cal. Rptr. 2d 756, 764 (Ct. App. 1996).

However, contrary to the district court's determination, LA Tech sufficiently pled facts to support its section 496 claims for withholding and concealing stolen property. *See Bell v. Feibush*, 151 Cal. Rptr. 3d 546, 552 (Ct. App. 2013) (noting that withholding stolen property is a distinct offense from receipt of stolen property under section 496). For withholding and concealing of stolen property, the plaintiff must establish (1) the property was stolen, (2) the defendant knew the property had been stolen, and (3) the defendant had received the stolen property. *Switzer*, 247 Cal. Rptr. 3d at 121. Because LA Tech established (for the purpose of pleading) that the property had been stolen, and AMEX does not dispute that it received the stolen property, the primary issue here is AMEX's knowledge. As with a claim for receipt of stolen property, a "necessary element" is actual knowledge that the property had been stolen. *Tessman*, 168 Cal. Rptr. 3d at 35.

LA Tech argues its March 14 letter put AMEX on notice that the property had been stolen. Assuming LA Tech's factual allegations are true (i.e., LA Tech did not authorize the withdrawals from its account and AMEX received the March 14 letter), the claims that AMEX had actual knowledge the funds were stolen when

it withheld and concealed the funds are facially plausible. *See Iqbal*, 556 U.S. at 678. AMEX was allegedly told the funds were stolen and withheld them regardless. *See Williams v. Superior Court*, 146 Cal. Rptr. 311, 319 (Ct. App. 1978) ("One reason for including both receiving and concealing stolen property within the proscription of Penal Code section 496 is that it enables prosecution of one who innocently acquires property, but later learns that it was stolen and thereafter conceals it."); *People v. McFarland*, 376 P.2d 449, 452 (Cal. 1962) ("Possession of recently stolen property is so incriminating that to warrant [liability] there need only be, in addition to possession, slight corroboration in the form of statements or conduct of the defendant tending to show [its liability]."); *see also generally Naftzger v. Am. Numismatic Soc'y*, 49 Cal. Rptr. 2d 784, 791 (Ct. App. 1996) (noting that there is "a continuing affirmative duty to return stolen property to its rightful owner").

Because the district court's dismissal of LA Tech's section 496 claims for withholding and concealing stolen property was premature at this early stage of the proceedings, we reverse the district court's dismissal and remand. We affirm the district court's dismissal of LA Tech's claims for receipt of stolen property and conversion.

Each party shall bear its own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

5