NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BLUEBONNET INTERNET MEDIA SERVICES, LLC,**
*Plaintiff-Appellant*

**v.**

**PANDORA MEDIA, LLC,**
*Defendant-Appellee*

---

2022-2215

---

Appeal from the United States District Court for the Northern District of California in No. 3:21-cv-08294-VC, Judge Vince Chhabria.

---

Decided: March 29, 2024

---

ROBERT R. BRUNELLI, Sheridan Ross PC, Denver, CO, argued for plaintiff-appellant. Also represented by BRIAN BOERMAN; BRIAN ANDREW CARPENTER, Cole Schotz P.C., Dallas, TX; GEORGE THEODORE SCOTT, WALTER JAMES SCOTT, JR., Scott Law Group LLP, Evergreen, CO.

BRYAN ALEXANDER KOHM, Fenwick & West LLP, San Francisco, CA, argued for defendant-appellee. Also

represented by JESSICA L. BENZLER; JONATHAN THOMAS MCMICHAEL, Seattle, WA.

––––––––––––––––––

Before PROST, STOLL, and STARK, *Circuit Judges*.

STARK, *Circuit Judge*.

Bluebonnet Internet Media Services, LLC ("Bluebonnet") appeals the judgment of the United States District Court for the Northern District of California ("Northern District") that all asserted claims of its U.S. Patent Nos. 9,405,753 ("'753 patent"), 9,547,650 ("'650 patent"), and 9,779,095 ("'095 patent") are directed to nonpatentable subject matter. Bluebonnet also asks us to reconsider our prior decision to issue a writ of mandamus and order this case to be transferred from the Western District of Texas ("Western District"). We find that the patents are directed to an abstract idea and do not contain an inventive concept, rendering the patents ineligible and the issue of forum transfer moot. Accordingly, we affirm.

I

Bluebonnet filed suit in the Western District against Pandora Media, LLC ("Pandora") alleging infringement of certain claims of the '753, '650, and '095 patents. Representative claim 1 of the '753 patent recites:

> A system comprising:
>
> > a playback interface executing on an internet enabled multimedia computing platform including:
> >
> > > a media player that plays media resources delivered over the Internet from a remote server, and
> > >
> > > a streaming media clips rating system that receives a rating when a user enters a rating selection by

using one or more of an icon or display feature of the playback interface, and signals, via the Internet, the rating to a rating component; and

a rating system including:

a database management component that maintains an organizational data structure that describes rating information for the media resources,

the rating component receives, via the Internet, the rating from the streaming media clips rating system and modifies rating information in the organizational data structure at least based on the rating; and

a play-list generator adapted to automatically and dynamically generate at least one play-list based on rating information in the organizational data structure, wherein the play-list comprises identifiers of one or more media resources selected based on the rating information, wherein the media resources are played back on the media player.

'753 patent at 38:41-65.

Pandora's motion to transfer the case from the Western District was originally denied, but we later granted Pandora's mandamus petition and ordered the case to be transferred to the Northern District. Thereafter, Pandora moved for judgment on the pleadings, which the judge in the Northern District granted. The court found that while the asserted "claims may capture the core of a good

business idea," "they are directed to an abstract idea and lack an inventive concept – and are therefore invalid" under 35 U.S.C. § 101. J.A. 27. Bluebonnet timely appealed.[1]

## II

We evaluate subject matter eligibility using the two-step *Alice* test. *See Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208 (2014). "First, we determine whether the claims at issue are directed to a patent-ineligible concept, such as an abstract idea," and, second, we "determine whether [the claim] contains an inventive concept sufficient to transform the claimed abstract idea into a patent-eligible application." *Chamberlain Grp., Inc. v. Techtronic Indus. Co.*, 935 F.3d 1341, 1346 (Fed. Cir. 2019) (internal quotation marks omitted). "[I]f a patent's recitation of a computer amounts to a mere instruction to 'implemen[t]' an abstract idea 'on . . . a computer,' that addition cannot impart patent eligibility." *Alice*, 573 U.S. at 223 (internal citation omitted).

"We review procedural aspects of the grant of judgment on the pleadings under Federal Rule of Civil Procedure 12(c) based on the law of the regional circuit," which here is the Ninth Circuit. *Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1336 (Fed. Cir. 2017). In the Ninth Circuit, "[d]ismissal for failure to state a claim is reviewed *de novo*. Factual allegations in the complaint are taken as true and all reasonable inferences are drawn in the plaintiff's favor." *Barrett v. Belleque*, 544 F.3d 1060, 1061 (9th Cir. 2008) (internal citation omitted).

## III

At *Alice* step one, the district court found that Bluebonnet's claims were directed to the abstract idea of

---

[1]   The district court had subject-matter jurisdiction under 28 U.S.C. § 1338. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

"customizing a product according to a customer's likes and dislikes," applied "to the somewhat narrower context of computer-based media playlists." J.A. 28. We agree with the district court. Our precedent establishes that these types of methods of organizing digital media – which is what creating playlists based on user feedback is – are abstract ideas. *See, e.g.*, *In re TLI Commc'ns LLC Pat. Litig.*, 823 F.3d 607, 613 (Fed. Cir. 2016) ("[A]ttaching classification data, such as dates and times, to images for the purpose of storing those images in an organized manner is a well-established 'basic concept' sufficient to fall under *Alice* step 1."). And it is well-settled that "merely adding computer functionality to increase the speed or efficiency of the process," as the claims asserted here do, "does not confer patent eligibility on an otherwise abstract idea." *Intell. Ventures I LLC v. Cap. One Bank (USA)*, 792 F.3d 1363, 1370 (Fed. Cir. 2015).

At step two, we further agree with the district court that the claims lack any inventive concept. As the trial court stated, the claims "describe only the basic steps of streaming media, rating media, generating a playlist, and sharing a playlist." J.A. 29. The claims do not, for instance, provide a new algorithm or method for creating playlists. Indeed, as the district court pointed out, the inventors "acknowledged that [they] did not invent streaming media, playlists or media players." J.A. 29 (internal quotation marks omitted). Nor do the claims "require[] anything other than conventional computer and network components operating according to their ordinary functions." *Two-Way Media Ltd.*, 874 F.3d at 1339.

Contrary to Bluebonnet's contentions, the district court was not required to accept as true allegations in the complaint that are conclusory, state legal conclusions, or contradict the patent itself. Even accepting Bluebonnet's assertion that four or five different components are required to practice the asserted claims – a contention we do not endorse, as it amounts to an untimely request for claim

construction[2] – the sheer number of conventional computer components employed, without more, does not constitute an inventive concept. *See, e.g.*, *Yu v. Apple Inc.*, 1 F.4th 1040, 1045 (Fed. Cir. 2021) (holding that "claimed configuration does not add sufficient substance to the underlying abstract idea" where "generic hardware limitations . . . merely serve as a conduit for the abstract idea") (internal quotation marks omitted).

We have considered Bluebonnet's other arguments and find them unpersuasive.[3] For the reasons stated above, we affirm the district court's decision.

**AFFIRMED**

---

[2] Claim construction proceedings were held in the Western District. After transfer to the Northern District, and during briefing on Pandora's Rule 12(c) motion, Bluebonnet argued that the Western District's constructions were correct and that no further claim construction need be undertaken.

[3] Given our affirmance of the unpatentability determination, Bluebonnet's dissatisfaction with the transfer of venue is moot. We note, however, that any challenge to venue has to be raised first in the district court. Here, Bluebonnet did not move in the Northern District to transfer the case back to the Western District. Nor does it ask us to dismiss or remand this appeal to allow it to do so now.